UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

       - against -               :

VERNON SNYPE,                       :

               Defendant.   :

- - - - - - - - - - - - - - - - - -x

**MEMORANDUM DECISION**

07 Civ. 9490 (DC)
02 Cr. 0939-3 (DC)

**APPEARANCES:**   PREET BHARARA, ESQ.
                United States Attorney for the
                Southern District of New York
                  By:    Laura G. Birger, Esq.
                         Assistant United States Attorney
                One Saint Andrew's Plaza
                New York, New York  10007

                VERNON SNYPE
                Defendant Pro Se
                U.S.P. Canaan
                P.O. Box 300
                Waymart, Pennsylvania  18472

**CHIN, District Judge**

      On August 24, 2009, I filed a memorandum decision denying defendant Vernon Snype's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. See United States v. Snype, No. 07 Civ. 9490 (DC), 2009 WL 2611930 (S.D.N.Y. Aug. 24, 2009). Snype moves for reconsideration. The motion is denied.

      As a threshold matter, Snype asks that the Court accept his motion for reconsideration as timely, even though there was some delay in its submission. This request is granted, as it appears the Court sent the memorandum decision to Snype at an

out-of-date address.  I will consider the motion for reconsideration on the merits.

On the merits, Snype argues that the Court failed to consider four of his claims.  To the extent I did not consider them before, I consider the claims now.

### 1. Apprendi

Snype argues that trial counsel was ineffective for failing to contest the Court's rejection of the Apprendi argument in the context of the use of a firearm.  (Snype Reconsid. Mot. at 2).  But trial counsel did raise Apprendi in this context, at the first sentencing hearing.  (See 4/7/04 Tr. 20-23).  Moreover, the issue was raised on direct appeal, and the Second Circuit rejected the Apprendi argument as well.  United States v. Snype, 441 F.3d 119, 145-49 (2d Cir.), cert. denied, 549 U.S. 923 (2006).  This argument fails.

### 2. Due Process and Sixth Amendment

Snype argues that this Court overlooked his argument that the "three-strikes" statute is unconstitutional under the due process clause and Sixth Amendment because he was entitled to a jury determination of all facts relevant to the determination of the applicability of the three-strikes law, except for the fact of a prior conviction.  (Snype Reconsid. Mot. at 3).  This argument is essentially a restatement of the Apprendi argument. Again, Snype's argument is foreclosed by the Second Circuit's ruling on appeal:

> To the extent Snype contends that . . . a
> jury had to find that his present and past
> robbery convictions qualified as serious
> violent felonies, his argument is similarly
> unconvincing for the simple reason that, in
> this case, the district court did not need to
> look beyond the judicial record and the
> statutory definitions of the crimes of
> conviction to find that Snype's convictions
> fit the definition of serious violent felony
> stated in § 3559(c)(2)(F)(i) [three-strikes
> statute].

Snype, 441 F.3d at 148.  This claim provides no basis for relief.

### 3.  **Pinkerton**

In the third claim, Snype argues that the three-strikes law is unconstitutional because it is contrary to the Supreme Court's ruling in Pinkerton v. United States, 328 U.S. 640 (1946).  (Snype Reconsid. Mot. at 4).  He argues that the statute is unconstitutional because it allows a defendant to be liable for a co-conspirator's conduct without the Government being required to prove foreseeability, and, he argues further, foreseeability is a question for the jury.  (Id.).  The issues are whether, if Snype did not use a firearm himself, the instant conviction nonetheless should be considered a "serious violent felony," and whether, if Snype did not use the gun himself, the Government was required to prove that it was reasonably foreseeable to Snype that a gun would be used in the bank robbery by the co-conspirators.

This claim also must be rejected in light of the Second Circuit's affirmance.  As the Second Circuit noted, Snype was convicted of conspiracy to violate 18 U.S.C. § 2113, one of the

statutes listed in § 3559(c)(1) as constituting a "serious violent felony." Snype, 441 F.3d at 143-44. Under the plain language of § 3559(c)(1), Snype's bank robbery conviction is included -- whether a gun was used or not. The Second Circuit held: "The distinction [between simple bank robbery in violation of § 2113(a) and aggravated bank robbery in violation of § 2113(d)] is irrelevant to the statutory definition of a serious violent felony." Snype, 441 F.3d at 144. The foreseeability of the use of a gun is not a relevant issue for these purposes, and it is not a basis for an ineffective assistance of counsel claim.

### 4. Count 4

Finally, Snype argues that his trial counsel was ineffective for failing to object to the Court's jury instructions with respect to Count 4 and for failing to request a special verdict as to facts relevant to sentencing. (Snype Reconsid. Mot. at 4). In particular, Snype argues that the jury should not have been instructed that it was to consider Count 4 only if it convicted Snype on Count 2. (See Snype Mot. to Supplement at 2). The argument is rejected.

First, Snype was convicted on Count 1 only, conspiracy to commit bank robbery. The jury never reached a verdict on Counts 2 (simple bank robbery), 3 (aggravated bank robbery), and 4 (use of a firearm in relation to Count 2), and I declared a mistrial on those three counts. To the extent there was an

objection to the jury charge as to Count 4, the objection is moot, as Snype was not convicted on that count.

Second, Snype's objection to the instruction to the jury that it should consider Count 4 only if it convicted him on Count 2 is meritless. Count 4 was a § 924(c) gun count that was predicated on a conviction on Count 2. Hence, it was correct to instruct the jury that it was to consider Count 4 only if it convicted Snype on Count 2.

Finally, it appears that Snype is contending that, if the jury had been permitted to consider Count 4, it would have had the opportunity to specifically consider whether Snype was guilty of using a gun in the bank robbery. This argument is, in essence, a variant of the third claim -- that the bank robbery conviction was not a conviction for a serious violent felony because Snype did not use a gun. Again, this argument fails because the use of a gun was not required -- as the Second Circuit held, even simple bank robbery is a serious violent felony for purposes of the three-strikes law.

## CONCLUSION

For the reasons set forth above and in the Court's August 24, 2009, memorandum decision, Snype has failed to demonstrate any basis for relief under 28 U.S.C. § 2255. The motion for reconsideration is denied. Because Snype has not made a substantial showing of the denial of a constitutional right, I

decline to issue a certificate of appealability.  See 28 U.S.C. § 2255 (1996) (as amended by the Antiterrorism and Effective Death Penalty Act).  I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision and order would not be taken in good faith.

        SO ORDERED.

Dated:    New York, New York
           October 6, 2009

                                    DENNY CHIN
                                United States District Judge